Argued September 19, affirmed October 2, rehearing denied October 23, 1928.

## EFFIE HEINRICHS *v.* CARSTENS PACKING COMPANY.

(270 Pac. 486.)

For appellant there was a brief and oral argument by *Mr. M. B. Meacham.*

For respondent there was a brief over the names of *Mr. L. E. Crouch* and *Messrs. Davis & Harris,* with an oral argument by *Mr. Paul R. Harris.*

COSHOW, J.▮▮▮ Defendant bases its contention upon the claim that there is no evidence to support the claim that plaintiff was driving on her right half of said road which is the eastern half thereof. The record contains this testimony:

"Q. And the first thing you noticed was this truck ran into you? A. I saw this other truck without any lights right on top of me and that is the last I remember.

"Q. You were on the right hand side the whole time? A. Yes, I was staying over to the edge of the pavement so that I could follow the fence. My dim lights would show on the fence in the heavy fog. * *

"Q. The truck then was over—struck you when you were just about 20 or 25 feet behind the other truck and close to the fence. A. Yes."

This testimony is taken from appellant's brief. It alone clearly shows there was material evidence supporting plaintiff's complaint to the effect that she was driving on her right half of the road. There were two witnesses who also testified that a short time after the collision occurred they visited the scene thereof and found glass on the eastern side of the road which was plaintiff's right side. Plaintiff's car also was marked so as to show that it was struck on its left side. The jury would have been justified in concluding from that physical fact that plaintiff was on her right half of the road.

■ The special verdict is not inconsistent with the general verdict. The special verdict agrees with the general verdict in this, that plaintiff was exercising ordinary care at the time of the collision. Defendant bases its main contention on the jury's answer to question No. 3: "Did plaintiff attempt to pass the wood truck of the Schofield Fuel Co. at the time and the place of the accident? Answer. Yes, she did." It will be noticed that this question does not state what plaintiff did in attempting to pass the truck ahead of her and traveling in the same direction. The fact that according to the jury her attempt to pass did not contribute in any way to the accident is consistent with the general verdict and clearly indicates that plaintiff was not in the act of passing the truck ahead of her when the collision occurred, or at least she had not proceeded in the attempt far enough to be on the left half of the road as claimed by defendant.

We believe that the jury's verdicts are consistent
and that there was evidence to support both verdicts.
The judgment must be and is affirmed.

AFFIRMED. REHEARING DENIED.

ROSSMAN, J., did not participate in this opinion.

BEAN, J., absent.